UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAN LOSTUTTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 16-4281 ) |
| JAMES T. DIMAS, *et al.,*. | ) ) ) |
| Defendants. | ) |

## **MERIT REVIEW ORDER**

The plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Circ. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff's claims arise out of Rushville Treatment and Detention Facility. Plaintiff alleges Defendants have frustrated his ability to file a "petition for coram nobis" by not allowing other residents to assist him in its preparation, failing to provide paralegals, and conducting shakedowns to confiscate legal material. Plaintiff seeks injunctive relief to remove these "roadblocks."

To state a claim for denial of access to the courts, plaintiff must allege that the alleged lack of an adequate law library or lack of legal assistance prejudiced an

otherwise meritorious claim. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Here, Plaintiff alleges that Rushville TDF officials have prevented him from filing a petition for coram nobis, a legal remedy Illinois abolished in 1946. *See People v. Hible*, 53 N.E.3d 319, 321 (Ill. Ct. App. 2016). Plaintiff cannot show prejudice if the avenue of relief he seeks to pursue is not legally available.

Ordinarily, the Court would allow Plaintiff the opportunity to file an amended complaint, consistent with the ordinary practices of this judicial circuit. The Court, however, has been informed by officials at Rushville TDF that Plaintiff is now deceased. *See Lostutter v. Dimas*, No. 17-4116 (C.D. Ill., filed May 4, 2017). The Court also located an obituary for Plaintiff through an internet search engine. *See* Obituary for Daniel B. Lostutter, Peoria Journal Star, http://www.legacy.com/obituaries/pjstar/obituary.aspx?n=daniel-b-lostutter&pid=186202851 (last accessed Aug. 3, 2017). Accordingly, this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 14th day of August, 2017.

/s/Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE